UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
YOLENE RENE,                                    :
                                                :
                Plaintiff,                      :     **MEMORANDUM AND ORDER**
                                                :     03-CV-6107 (DLI)
                -against-                      :
                                                :
COMMISSIONER OF                                 :
SOCIAL SECURITY,                                :
                                                :
                Defendant.                      :
--------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On July 18, 2006, plaintiff's counsel David Kuznicki ("petitioner") filed a petition for judicial approval of an attorney fee under the Social Security Act ("SSA"), 42 U.S.C. § 406(b). Pursuant to a contingent-fee retainer agreement with his client, plaintiff Yolene Rene ("plaintiff"), petitioner seeks approval of a fee in the amount of 25 percent of the past-due benefits awarded to plaintiff. According to the calculations of the Social Security Administration, 25 percent of the past-due benefits equals $10,546.75, and that amount has been withheld by defendant from the sums paid to plaintiff. Of the amount withheld, petitioner requests that $3,738 be released to plaintiff and the balance to him. The $3,738 figure represents the sum that this Court awarded to plaintiff for fees and costs (i.e., $3,888) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, less the $150 filing fee included in the EAJA award.

Plaintiff has consented in writing to petitioner's request.

Petitioner's application is granted. Fee awards may be made under both the SSA and the EAJA, provided that the claimant's attorney refunds to the claimant the amount of the smaller fee, and provided further that the contingent-fee agreement between the claimant and counsel complies

with the statutory requirement that the fee be reasonable and that it not exceed 25 percent of the past-due benefits. 42 U.S.C. § 406(b); see Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). According to the calculations of the Social Security Administration in this case, $10,546.75 equals 25 percent of plaintiff's past-due benefits, and thus does not exceed the statutory ceiling. Moreover, as evidenced by plaintiff's consent to petitioner's application, the amount is reasonable: the record contains no suggestion of any fraud or overreaching, nor is the amount so large as to constitute a windfall to petitioner. See Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Accordingly, the Court approves an attorney fee of $10,546.75 under the SSA. Defendant is directed to release to plaintiff $3,738, as a refund for the EAJA fee; and to release to petitioner $6,808.75 as an attorney fee under the SSA.

SO ORDERED.

DATED:    Brooklyn, New York
          September 7, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge